**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN R. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-781 |
| | ) | |
| INTERCONTINENTAL HOTELS GROUP | ) | Judge Robert M. Dow, Jr. |
| RESOURCES, INC. and KATIE ZIMMER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karen James ("James"), filed an amended two-count complaint [7] against Defendants Intercontinental Hotels Group Resources, Inc. ("Intercontinental") and Katie Zimmer ("Zimmer") on June 24, 2009, alleging tortious interference with business relations and tortious interference with prospective economic advantage claims against both Defendants. All of Plaintiff's claims arise out of communications between Zimmer (who was an Intercontinental employee) and Plaintiff's employer following Plaintiff's stay at a hotel owned by Intercontinental. Plaintiff alleges that those communications caused her employer to demote her and reduce her salary. Before the Court is Defendants' motion to dismiss [11] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. For the reasons stated below, the motion [11] is denied.

# I.     Background[1]

Plaintiff is a resident of Northville, Michigan.  Compl. ¶ 2.  In January 2006, Plaintiff was employed by AT&T as a general manager.  *Id.* ¶ 8.  Between January 17 and January 19, 2006, Plaintiff traveled to the Chicago area on business for AT&T, and stayed at Candlewood Suites ("Candlewood"), a Hoffman Estates hotel owned by Intercontinental.  *Id.* ¶¶ 7-9.  On January 19, 2006, Plaintiff made a number of complaints about her stay at Candlewood to Zimmer, Candlewood's general manager.  *Id.* ¶ 10.  Plaintiff informed Zimmer that (i) the telephone messaging system in her room did not operate, causing her to miss important personal calls; (ii) hotel personnel failed to notify her when a personal visitor arrived; (iii) hotel personnel failed to notify her when she received an important business fax; and (iv) there was no hot water for bathing on the day of Plaintiff's departure.  *Id.*  In response, Zimmer offered Plaintiff a free two-night stay at Candlewood.  *Id.* ¶ 11.  Plaintiff refused the offer and instead requested a formal apology and explanation for the incidents. *Id.* ¶ 12.  Plaintiff did not receive an apology from Zimmer; however, on or about January 25, 2006, Plaintiff received hotel vouchers in the amount of $150 in the mail from Intercontinental.  *Id.* ¶ 13.  Plaintiff had not requested any hotel vouchers.  *Id.*

AT&T has corporate offices in Hoffman Estates and had a corporate relationship with Candlewood.  *Id.* ¶ 14.  On two or more occasions between January 19, 2006 and March 8, 2006, Zimmer, acting in her capacity as an agent of Defendant Intercontinental, made statements to AT&T alleging that Plaintiff had engaged in work-related misconduct.  *Id.* ¶ 15.  Specifically, Zimmer alleged that in response to Plaintiff's complaints about her stay, Zimmer had credited the cost of the room back to the AT&T credit card Plaintiff had used to pay for her stay.  *Id.*

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint.  See, e.g., *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Zimmer told AT&T that Plaintiff had insisted that the charges be put back on the corporate credit card, and that she be given $150 in travel vouchers for her personal use. *Id.* Plaintiff alleges that Zimmer knew this information to be false when she provided it to AT&T. *Id.*

In response to Zimmer's statements, AT&T commenced a formal investigation into Plaintiff's alleged misconduct. *Id.* ¶ 17. Following that investigation, AT&T took disciplinary action against Plaintiff in the form of a two-level demotion. *Id.* ¶ 19. AT&T also removed Plaintiff's name from a list of candidates for promotion, and reduced her wages and benefits. *Id.* ¶ 24. Plaintiff had been employed by AT&T for nearly ten years at the time of the Candlewood incident, and had an exemplary work record.

Plaintiff asserts tortious interference with business relations and tortious interference with prospective economic advantage claims against Intercontinental (Count I) and Zimmer (Count II) based on the statements that Zimmer allegedly made to AT&T while acting as Intercontinental's agent.

## II.    Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III.    Analysis

Defendants move to dismiss Plaintiff's complaint on two grounds. First, Defendants contend that a relationship created by a contract that is terminable at will – such as Plaintiff's employment relationship with AT&T – cannot support a claim of tortious interference with business relations, and that consequently Plaintiff's tortious interference with business relations claims must be dismissed. Second, Defendants argue that Plaintiff's tortious interference with prospective economic advantage claims fail because Plaintiff has failed to allege an element of that cause of action – namely, that she had a reasonable expectation of an ongoing employment relationship with AT&T. The Court addresses each argument in turn.

### A.    Torts of Interference with Business Relations and Interference with Prospective Economic Advantage Are Interchangeable Under Illinois Law

In moving to dismiss Plaintiff's tortious interference with business relations claims, Defendants appear to misconstrue the complaint. In Illinois, the terms "tortious interference with

business relations" and "tortious interference with prospective economic advantage" are interchangeable. See *Naeemullah v. Citicorp Servs.*, 78 F. Supp. 2d 783, 793 (N.D. Ill. 1999) ("'tortious interference with business relationship,' referred to in the Illinois cases as tortious interference with prospective economic advantage or tortious interference with business expectancy"); *Marc Maghsoudi Enterprises, Inc. v. Tufenkian Import/Export Ventures, Inc.*, 2008 WL 4449881, at *3 (N.D. Ill. Sept. 30, 2008) (using terms "tortious interference with prospective economic advantage" and "tortious inference with a business relationship" interchangeably); *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991) ("to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove," *inter alia*, "his reasonable expectation of entering into a valid business relationship"). Plaintiff acknowledges that the terms are synonymous in her response brief. Therefore, Plaintiff is not asserting two separate torts against each defendant; rather, she is asserting a single claim against each, which properly can be referred to either as tortious interference with business relations or tortious interference with prospective economic advantage.

In support of their contention that a claim for tortious interference with business relations cannot be premised on an at will employment relationship, Defendants rely on *Film and Tape Works, Inc. v. Junetwenty Films, Inc.*, 856 N.E.2d 612 (Ill. Ct. App. 1st Dist. 2006). Contrary to Defendant's understanding, in *Film and Tape Works* the court did not draw a distinction between tortious interference with business relations claims and tortious interference with prospective economic advantage claims. Rather, the court compared the torts of interference with prospective economic advantage and interference with contract. Plaintiff does not assert a claim for tortious interference with contractual relations, and therefore the distinction is not relevant here. Because (i) Defendants have conceded that an at will employment relationship may form

the basis for a cause of action for tortious interference with prospective economic advantage and (ii) tortious interference with prospective economic advantage and tortious interference with business relations are synonymous, Defendants motion to dismiss on the grounds that there is no a legally binding contract between the parties is denied.

### B.     Reasonable Expectancy Requirement

Defendants also argue that Plaintiff's claims should be dismissed because Plaintiff has failed to sufficiently allege the elements of a claim for tortious interference with prospective economic advantage.  Under Illinois law, the elements of a claim for tortious interference with prospective economic advantage or business relationship are: (1) the existence of a valid business relationship or expectancy; (2) the defendants' knowledge of plaintiff's relationship or expectancy; (3) an intentional and unjustified interference by the defendant inducing or causing a breach or termination of the expectancy; (4) damages to plaintiff resulting from such interference.  *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996).

Defendants first contend that Plaintiff has failed to allege the first element – the existence of a reasonable expectancy of continued employment with AT&T.  Illinois courts have recognized that, until terminated, an at will employment relationship "is subsisting and will presumptively continue in effect so long as the parties are satisfied."  *Dowd & Dowd, Ltd. v. Gleason*, 816 N.E.2d 754, 768 (Ill. Ct. App. 1st Dist 2004).  As such, an at will employment relationship is sufficient to support an action for tortious interference.  *Id.*; see also *Fellhauer*, 568 N.E.2d at 878 (the Illinois Supreme Court has "long recognized" the existence of "a legitimate expectancy in an employment relationship").

Defendants argue that Plaintiff has alleged only "the mere hope of continued employment," which Illinois courts have held "does not [alone] * * * constitute a *reasonable* expectancy as must exist to state a cause of action for tortious interference."  *Werblood v.*

*Columbia College of Chicago*, 536 N.E.2d 750, 756 (Ill. Ct. App. 1st Dist. 1989) (quoting *Williams v. Weaver*, 495 N.E.2d 1147 (Ill. Ct. App. 1st Dist. 1986)). In *Werblood*, the plaintiff, a member of the faculty at Columbia College, asserted an interference with prospective economic advantage claim against the College's dean and president, arguing that they deprived her of the opportunity to gain tenure by terminating her employment. 536 N.E.2d at 752. The *Werblood* plaintiff alleged that she had a reasonable expectation of gaining tenure based on revisions that were being made to the school's procedures at the time she was fired. *Id.* at 755. The Appellate Court concluded that the plaintiff had failed to allege "a 'reasonable expectancy' of a continuation of her employment at Columbia based on tenure." *Id.* For that conclusion, the court relied on the fact that "the revisions had not been finalized and implemented at the time [the plaintiff] was discharged." *Id.*

*Werblood* does not compel dismissal of Plaintiff's claims for two reasons. First, *Werblood* is distinguishable on its facts. In *Werblood*, Plaintiff's expectation that she would achieve tenure was not reasonable because it was premised on the speculation that draft policy revisions eventually would be implemented. Here, Plaintiff's expectation of continued employment at her current position at AT&T – essentially, an expectation not to be demoted – was not based on unfounded assumptions, but on an exemplary work record, positive performance evaluations, and previous promotions. Second, *Werblood* was decided under Illinois's fact pleading rules, while the more liberal federal notice pleading requirements apply in the instant case. See *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("The Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction."); *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) (observing

that in federal court a plaintiff need not allege facts essential to recovery under a chosen legal theory).

Plaintiff alleges that she had an exemplary work record, consistently had received positive performance evaluations, and had been promoted to an executive level position at AT&T. Compl. ¶ 16. Plaintiff further alleges that she had a reasonable expectation of continuing a valid business relationship with AT&T. *Id.* ¶ 21. These allegations are sufficient to allege a reasonable expectancy under a notice pleading standard. See *DuPage Fork Lift Svc., Inc. v. Machinery Distribution, Inc.*, 1995 WL 125774, at *7 (N.D. Ill. Mar. 15, 1995) (refusing to dismiss tortious interference claim in light of "federal rules' liberal notice pleading standard"); *Quadro Enterprises, Inc. v. Avery Dennison Corp.*, 1999 WL 759488, at *6 (N.D. Ill. Sept. 8, 1999) (concluding that an "allegation of a reasonable expectation of continued business is sufficient, under a notice pleading standard, to survive a motion to dismiss" and distinguishing *Werblood* on the ground that it was decided in a fact pleading jurisdiction).

Defendants also contend that Plaintiff's claims fail because she was not terminated, and indeed still is employed by AT&T. Defendants cite no cases supporting their contention that only a terminated employee may state a claim for tortious interference, nor has the Court's own research uncovered any support for that proposition. As noted above, the third element of a tortious interference claim requires proof that the defendant induced or caused a breach of the business expectancy. *Anderson*, 667 N.E.2d at 1299. Here, the business expectancy was continued employment in (at least) the same position. Plaintiff alleges that Defendants induced a breach of that expectancy – Plaintiff's demotion. That allegation is adequate, at least at this stage.

## III. Conclusion

For the reasons stated above, the motion to dismiss [11] is denied.

Dated: February 10, 2010

_____
Robert M. Dow, Jr.
United States District Judge